UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERAZMO PEREZ SALAZAR
FAUSTINO,

     Petitioner,

v.                              Case No:  2:13-cv-495-FtM-29DNF

STATE OF FLORIDA, COLLIER
COUNTY, FLORIDA, NAPLES,
FLORIDA

     Respondents.
_____/

**ORDER OF DISMISSAL FOR FAILURE TO EXHAUST**

This matter comes before the Court upon review of Erazmo Perez Salazar Faustino's ("Petitioner's") Petition for Writ of Habeas Corpus (Doc. 1, filed July 5, 2013), and application for leave to proceed *in forma pauperis* (Doc. 2, filed July 5, 2013). The Court has conducted a preliminary review of the Petition as required by the Rules Governing Section 2254 Cases, and concludes that it is subject to dismissal without service upon Respondents.

**A.  Improper Jurisdictional Basis**

Petitioner has filed a petition which relies on 28 U.S.C. § 2241 as the jurisdictional basis for his habeas corpus petition (Doc. 1.)  Initially the Court notes that Petitioner names the "State of Florida, Collier County, FL., Naples, FL." as the Respondents. (Doc. 1 at 1.)  The proper Respondent to a § 2241

Petition is "the person having custody of the person detained."

28 U.S.C. § 2243; see also Rumsfeld v. Padilla, 542 U.S. 426,

434 (2004). Accordingly, in Petitioner's case, that person is

the Warden at Krome Service Processing Center in Miami, Florida,

where he is currently incarcerated.

Petitioner's filings, however, challenge aspects of his

underlying state conviction on constitutional grounds.[1] Such

claims are cognizable under 28 U.S.C. § 2254, which is reserved

for habeas applications on "behalf of a person in custody

pursuant to the judgment of a State court." See 28 U.S.C. §

2254(a) (A federal court has jurisdiction to consider a writ of

habeas corpus "in behalf of a person in custody pursuant to the

judgment of a State court . . . on the ground that he is in

custody in violation of the Constitution or laws or treaties of

the United States). Therefore, because Petitioner seeks to

challenge his state conviction, his claims are cognizable only

---

[1] Petitioner challenges a judgment of conviction entered by a court in Collier County, Florida and currently appears to be held by immigration officials in Miami, Florida pending deportation (Doc. 1 at 1). The gravamen of the Petition is that defense counsel rendered ineffective assistance when counsel failed to advise Petitioner of the collateral immigration consequences of a guilty plea (Doc. 1 at 1-2). It is unclear whether Petitioner remains in custody as a result of the judgment of the State court, or in custody on some other judgment. Nevertheless, whether Petitioner initiated this action pursuant to either § 2241, or § 2254, the action is subject to dismissal.

under section 2254, and his petition will be construed as brought under that section.

B. **Exhaustion of Claims in State Court**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement is also applicable to petitions filed pursuant to § 2241(c)(3). Dill v. Holt, 371 F.3d 1301, 1302 (11th Cir. 2004). In addressing the exhaustion requirement in O'Sullivan v. Boerckel, the Supreme Court held that:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 845 (1999). In discussing the exhaustion requirement for purposes of federal habeas corpus relief, the Supreme Court further recognized that:

> [The exhaustion doctrine] is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," Rose v. Lundy, 455 U.S. at 518, 102 S. Ct. at 1203. In addition, the requirement is based upon a

> pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review."   455 U.S. at 519, 102 S. Ct. at 1203-04.   Codified since 1948 in 28 U.S.C. § 2254, the exhaustion rule, while not a jurisdictional requirement, Granberry v. Greer, 481 U.S. 129, 107 S. Ct. 1671, 95 L. Ed. 119 (1987), creates a "strong presumption in favor of requiring prisoners to pursue his available state remedies."   Id. at 131, 107 S. Ct. at 1674, see also Rose v. Lundy, supra, 455 U.S. at 515, 102 S. Ct. at 1201-02 ("[S]tate remedies must be exhausted except in unusual circumstances.")

Castille v. Peoples, 489 U.S. 346, 349-50 (1989) (footnote omitted).   To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights."   28 U.S.C. § 2254(b)(1)(B).

Petitioner makes no such showing here.   To the contrary, Petitioner acknowledges that he has never raised in the State courts his claims challenging the State court judgment of conviction (Doc. 1 at 2-3). Consequently, Petitioner must raise the claims he raises in the instant Petition in the appropriate State circuit court, and avail himself of at least one round of the appellate review process before filing his 28 U.S.C. § 2254 habeas petition.   Because exhaustion is a statutory requirement, the deficiency cannot be cured by permitting Petitioner an

opportunity to amend his Petition.   Thus, the Court will dismiss the Petition, without prejudice, to permit Petitioner an opportunity to exhaust his State court remedies.

ACCORDINGLY it is hereby **ORDERED:**

1.   The Amended Petition for Writ of Habeas Corpus pursuant to (Doc. 1) is **DISMISSED**, without prejudice, for the reasons herein.

2.   The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___25th___ day of July, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 7/24
Copies: All Parties of Record

- 5 -